UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAGAR RATHOD and CHEN QUI,

                              Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL MORRIN (Shield No. 17028), LIEUTENANT
JORGE TAVAREZ, and POLICE OFFICER JOHN DOE
1, 2 and 3,

                              Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**VERIFIED COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from a May 29, 2015 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to false arrest, malicious prosecution, fabricated evidence, excessive force and assault and battery. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their state law claims of assault and battery, et. al.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiffs' federally protected rights took place in this district, specifically at the southwest corner of Macdougal Street and Bleeker Street, and at the 6th NYPD Precinct in the County of New York.

## PARTIES

4. Plaintiff Sagar Rathod is a resident of the State of New York, County of Kings.

5. Plaintiff Chen Qui is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Michael Morrin is a member of the NYPD who was assigned to the 6th Precinct on May 29, 2015.  Morrin is sued in his individual and official capacity.

8. Lieutenant Jorge Tavarez is a member of the NYPD who was assigned to the 6th Precinct on May 29, 2015.  Tavarez is sued in his individual and official capacity.

9.      Police Officer John Does 1, 2, and 3 are members of the NYPD who were assigned to the 6th Precinct on May 29, 2015.  John Does 1, 2 and 3 are sued in their individual and official capacities.

## STATEMENT OF FACTS

10.     On May 29, 2015, at approximately 03:10 a.m., near the southwest corner of Macdougal Street and Bleeker Street, in Manhattan, New York, Police Officer Michael Morrin, Lieutenant Jorge Tavarez, and three other police officers, identified herein as John Does 1, 2 and 3, arrested plaintiffs Sagar Rathod and Chen Qui without cause and charged plaintiff Rathod with Resisting Arrest, Harassment and Disorderly Conduct and plaintiff Qui with Obstructing Governmental Administration.  Plaintiffs, however, had not committed a crime, but were instead walking to the subway after leaving a nightclub. Plaintiffs are dating and were out celebrating plaintiff Chen's twenty-first birthday.  As they left the nightclub, plaintiff Rathod was unlawfully seized by the officers while merely walking down the street with plaintiff Qui. After being accused of pushing plaintiff Qui, both plaintiff Qui and plaintiff Rathod informed the officers that they were dating and that neither had pushed anyone.  Notwithstanding this evidence to the contrary, the officers arrested plaintiff Rathod.

11.     In the course of arresting plaintiff Rathod, Police Officer Morrin and Lieutenant Tavarez and the other three officers subjected plaintiff Rathod to assault and battery and excessive force by, among other things, violently and forcefully striking the unresisting plaintiff on his head, neck, shoulder, wrists and body, slamming the plaintiff on to the concrete sidewalk, and forcefully shoving plaintiff's head onto the concrete sidewalk.

12.     As a result of defendants' actions, plaintiff Rathod experienced physical injuries, including lacerations, contusions, pain and suffering, and emotional distress.

13. After plaintiff Rathod was seized by the police and placed into a marked police van, plaintiff Qui repeatedly asked why plaintiff Rathod was being placed under arrest and informed the officers that plaintiff Rathod had not pushed anyone. At this time, despite having failed to commit any crime, plaintiff Qui was unlawfully seized and placed under arrest.

14. After being seized by the police, plaintiffs were eventually taken to the 6th Precinct for arrest processing.

15. While at the 6th Precinct, plaintiff Qui again told police officer Morrin that plaintiff Rathod had not pushed her and even made a written statement to that effect. Still, both plaintiffs were charged.

16. After the arrest paperwork was completed, plaintiffs were taken to Manhattan Central Booking to await arraignment. While at Brooklyn Central Booking, plaintiff Rathod was denied necessary medical treatment for the injuries inflicted by the above-mentioned police officers.

17. While plaintiffs were awaiting arraignment, Police Officer Morrin and/or the other identified officers met with a prosecutor employed by the New York County District Attorney's Office.

18. Defendants Morrin, Tavarez and John Does 1, 2 and/or 3, with malice, misrepresented to the prosecutor that plaintiffs had committed the crimes of harassment, resisting arrest, disorderly conduct and obstructing governmental administration.

19. As a result of the aforesaid misrepresentation, plaintiffs were brought up on false charges of harassment, resisting arrest, disorderly conduct and obstructing governmental administration.

20. Plaintiffs were eventually arraigned in Criminal Court, New York County, and each was released on his own recognizance after spending approximately 24 hours incarcerated following the arrest. The cases were entitled <u>People v. Sagar Rathod</u>, docket number 2015NY033966, and <u>People v. Chen Qui</u>, docket number 2015NY033963.

21. After returning to Court on two more occasions, the New York County District Attorney's Office agreed to dismiss and seal the charges against plaintiff Qui after six months and to dismiss and seal all charges against plaintiff Rathod after six months if plaintiff Rathod completed two days of community service.

22. As a result of defendants' actions, plaintiffs suffered emotional distress, fear, embarrassment, humiliation, loss of liberty for approximately 24 hours, shock, discomfort, pain and suffering, and the harshness of incarceration.

**FEDERAL AND STATE LAW CLAIMS AGAINST POLICE OFFICER MICHAEL MORRIN, LIEUTENANT JORGE TAVAREZ AND JOHN DOES 1, 2 AND 3.**

23. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. The conduct of Police Officer Morrin, Lieutenant Tavarez and John Does 1, 2, and 3, as described herein, amounted to false arrest, malicious prosecution, fabrication of evidence, excessive force and assault and battery. This conduct violated plaintiffs' rights under 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

**FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

25. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The City of New York directly caused the constitutional violations suffered by plaintiffs Sagar Rathod and Chen Qui.

27. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

28. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

29. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

30. Moreover, because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the assault and battery of plaintiff.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Costs, interest and attorney's fees;

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: April 13, 2016
     New York, New York

        AIDALA, BERTUNA & KAMINS, P.C.
        546 5th Avenue – 6th Floor
        New York, New York 10036
        (212) 486-0011

        By:

        /s/
        DOMINICK GULLO, ESQ.

## **VERIFICATION**

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

DOMINICK GULLO, ESQ., hereby affirms and says:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York and a member of the AIDALA, BERTUNA & KAMINS, P.C., attorneys for plaintiffs SAGAR RATHOD and CHEN QUI.

2. I have read the annexed Verified Complaint, know the contents thereof to be true to my knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true based upon my personal knowledge and my review of the files maintained by my office.

3. The reason this Verification is being made by me is that neither plaintiff Sagar Rathod nor Chen Qui reside in the county where the office I work within is located.

/s/
_____
Dominick Gullo, Esq.